IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JESSIE TERRELL RADFORD                                                    PLAINTIFF

v.                                        Civil No. 1:26-cv-01014

CAREN HARP; HUNTER SCOTT; RYAN
RAINWATER; and B. SHAIFERS                                              DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. The case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02, but not all parties to the action have consented to the jurisdiction of the undersigned. *See* 28 U.S.C. § 636(c). Accordingly, the case will automatically be reassigned to United States District Judge Susan O. Hickey and referred to the undersigned for a report and recommendation pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3). Currently before the Court is Plaintiff's Motion to Proceed *in forma pauperis* ("IFP Motion") (ECF No. 2). For the reasons given below, the undersigned recommends that the Motion be DENIED.

**I. BACKGROUND**

Plaintiff filed his Complaint and IFP Motion on March 9, 2026. *See* ECF Nos. 1 and 2. That same day, the Court entered an Order provisionally filing the case. *See* ECF No. 3. In that Order, the Court noted that Plaintiff appeared to have previously acquired "three strikes" under the Prison Litigation Reform Act ("PLRA"), which prohibits a prisoner from proceeding *in forma pauperis* as a civil plaintiff in federal court if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon

1

which relief may be granted," unless he is "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).  Accordingly, the Court gave Plaintiff a deadline of March 23, 2026, to explain why he believes he does not have three strikes or why he believes the three strikes provision does not apply to this case. *See* ECF No. 3, p. 2.  After Plaintiff failed to file any response by the deadline, the Court entered an Order directing Plaintiff to show cause why he failed to obey the previous Order.  *See* ECF No. 6.  Plaintiff then filed a motion to extend the previous deadline for a three-strikes response, *see* ECF No. 7, which the Court granted, extending his three-strikes response deadline to May 5, 2026, *see* ECF No. 8.  Plaintiff then filed his three-strikes response on April 17, 2026.  *See* ECF No. 9.  That response expounds at great length on the merits of Plaintiff's claims in the instant matter, but it does not provide any argument or discussion at all regarding the three strikes he acquired in previous cases.  *See generally id.*

## II.  LEGAL STANDARD

As noted above, 28 U.S.C. § 1915 governs civil proceedings filed by prisoners *in forma pauperis*.  Before 1996, a prisoner who attained *in forma pauperis* status was exempted from paying court fees.  However, in 1996, the PLRA made various amendments to this section in order to address concerns about, and reduce the number of, frivolous prisoner-initiated lawsuits.  *See* Pub. L. No. 104-134, 110 Stat. 1321.  After the enactment of the PLRA, prisoners granted IFP status are required to pay the filing fee, albeit in installments.  *See* 28 U.S.C. § 1915(b).

The PLRA also added subsection 1915(g), which limits the ability of a prisoner who has filed at least three claims that have been dismissed as frivolous, malicious, or failing to state a claim, to obtain *in forma pauperis* status.  Specifically, 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

2

This provision has commonly become known as the "three strikes rule" or the "three strikes provision," and it has withstood constitutional challenges. *See, e.g., Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

### III.  ANALYSIS

Plaintiff has at least three previous actions that qualify as strikes against him under § 1915(g). *See Radford v. Scott et al.*, Case No. 1:25-cv-01012-SOH (W.D. Ark.); *Radford v. Carroll et al.*, Case No. 4:22-cv-00453-KGB (E.D. Ark.); *Radford v. Golden et al.*, Case No. 5:18-cv-00044-KGB (E.D. Ark.).  Plaintiff has not alleged any facts to indicate that he is in imminent danger of serious physical injury. *Cf. Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (finding allegations of ongoing danger sufficient where prisoner specified two incidents where he had suffered harm and allegations were supported by documentary evidence, including corroborative prisoner disciplinary reports).  Plaintiff is, therefore, not eligible for IFP status.

### IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff's Application to Proceed IFP (ECF No. 2) be **DENIED** pursuant to 28 U.S.C. § 1915(g).  This action should be dismissed without prejudice to Plaintiff's right to re-open it with payment of the appropriate filing fee. *See Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997) (revoking IFP status under § 1915(g) and dismissing action without prejudice to inmate's right to re-file it upon payment of filing fee).  Plaintiff should be instructed to file a motion to reopen the action upon payment to the United States District Clerk of the proper filing fee.  I further recommend that it be certified, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal of the IFP denial would not be in good faith.

It should be noted that, if Plaintiff tenders the filing fee, he will also be responsible for other costs associated with this action, such as costs of service and fees for the issuance of any requested subpoenas.  In addition, Plaintiff is precluded from filing any future civil action *in forma*

*pauperis* unless he is in imminent danger of serious physical injury.  It is, therefore, recommended that the following order be entered:

> The clerk of this court is directed to provisionally file any new action in which Jessie Terrell Radford seeks to proceed IFP.  The Magistrate Judge shall then review the action and, if it is a civil action, rather than a criminal or habeas one, and, if Radford has not asserted a valid claim that he is under imminent danger of serious physical injury, the Magistrate Judge shall recommend that IFP status be denied.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **22nd day of April 2026**.

/s/ *Christy Comstock*

HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE