IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JESSIE TERRELL RADFORD                                                    PLAINTIFF

v.                                        Case No. 1:26-cv-1014

CAREN HARP; HUNTER SCOTT; RYAN
RAINWATER; and B. SHAIFERS                                               DEFENDANTS

## ORDER

Before the Court is a Report and Recommendation ("R&R") issued by the Honorable

Christy D. Comstock, United States Magistrate Judge for the Western District of Arkansas.  ECF

No. 10.

Judge Comstock recommends that Plaintiff's Application to Proceed In Forma Pauperis

(ECF No. 2) be denied pursuant to 28 U.S.C. § 1915(g), and that this action be dismissed without

prejudice to Plaintiff's right to re-open it with payment of the appropriate filing fee.  Judge

Comstock explains that Plaintiff has at least three previous actions that qualify as strikes against

him under § 1915(g), which precludes his ability to proceed in forma pauperis ("IFP").  Judge

Comstock also states that Plaintiff has not alleged that the exception to this rule applies—that he

is in imminent danger of physical injury.  Judge Comstock also provides specific directions to be

given to the Clerk concerning any new action filed by Plaintiff.

Plaintiff filed a timely objection.  ECF No. 12.  Plaintiff does not dispute that he has three

prior strikes pursuant to § 1915(g).  Instead, he asserts that the exception should apply because he

is in imminent danger of serious physical injury.  Plaintiff's objection is difficult to follow, but he

seems to rely either on multitudinous allegations of injuries underlying previous actions he

commenced or on new allegations of unsafe conditions in his confinement to satisfy the imminent

danger exception.  There are no such allegations in the Complaint, which asserts claims centered on misconduct in Plaintiff's arrest and conviction.  ECF No. 1.

Section 1915(g) reads:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Whether the imminent danger exception applies is dependent upon whether the *complaint* sufficiently alleges that there is imminent danger present at the time of filing.  *See McAlphin v. Toney*, 281 F.3d 709, 710-711 (8th Cir. 2002).  Here, Plaintiff's Complaint has no allegations indicating that he faces imminent physical danger.[1]  Without such allegations, the imminent danger exception to § 1915(g) does not apply.  *See id*.  Therefore, the Court agrees with Judge Comstock's recommendation.

Upon review, the Court adopts Judge Comstock's R&R (ECF No. 10) in toto.  Plaintiff's Application to Proceed IFP (ECF No. 2) is **DENIED** and Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.  Further, the Clerk of this Court is directed to provisionally file any new action in which Jessie Terrell Radford seeks to proceed IFP. The Magistrate Judge shall then review the action.  If it is a civil action—rather than a criminal or habeas one—and Radford has not asserted a valid claim that he is under imminent danger of serious physical injury, the Magistrate Judge shall recommend that IFP status be denied.

**IT IS SO ORDERED**, this 19th day of May, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[1] The Court does not consider the dangers Plaintiff alleges in his objection as a supplement to the Complaint.  The asserted dangers he mentions in his objection have no connection to the factual allegations underlying his Complaint.